TOTAL PETROLEUM, INC., Plaintiff,

v.

Gary J. DAVIS, d/b/a Gary J. Davis Oil Company, Defendant.

No. S83–0219C.

United States District Court, E.D. Missouri, Southeastern Division.

Aug. 25, 1986.

William A. Richter, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., Arthur L. Smith, Peper, Martin, Jensen, Maichel & Hetlage, Washington, D.C., for plaintiff.

James E. Reeves, Ward & Reeves, Caruthersville, Mo., David W. Keathley, Poplar Bluff, Mo., for defendant.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon plaintiff's motions for appointment of a special master and for partial summary judgment. Because plaintiff's motion for appointment of a special master is dependent upon entry of partial summary judgment, the Court will first consider plaintiff's motion for partial summary judgment.

Plaintiff's motion for partial summary judgment as to defendant's liability for product received but not paid for is based upon language from the Eighth Circuit's opinion (788 F.2d 476, 478, 479–480). It is clear from the Eighth Circuit's opinion that the Court found that defendant received petroleum product for which he did not pay. However, the Court did not find that defendant was liable for the product received. In fact, the Court ordered both the issues of liability and damages be remanded to this Court for a new trial.

This Court finds that there remains a mixed question of law and fact with regard to defendant's liability for product received but not paid for. This being the case, the Court will deny plaintiff's motion for partial summary judgment. Consequently, plaintiff's motion for appointment of a special master will also be denied.

According,

IT IS HEREBY ORDERED that plaintiff's motion for partial summary judgment and appointment of a special master be and are DENIED.